**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| QUALITY LOAN SERVICE CORP., <br>     Plaintiff, <br> v. <br> UNITED STATES OF AMERICA, et al., <br>     Defendants. | Case No. 5:24-cv-08899-BLF <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** <br><br> [Re: Dkt. Nos. 40, 41] |

Before the Court is the Motion to Withdraw as Counsel of Record ("Motion") filed by attorneys Emily Blake ("Counsel Blake") and Matthew B. Talbot ("Counsel Talbot") of Talbot Law Group PC (collectively "Counsel for Sands"), counsel of record for Stuart Sands ("Sands"). Dkt. Nos. 40, 41. The Court finds this Motion suitable for determination without oral argument and VACATES the hearing set for July 10, 2025. *See* Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS the Motion to Withdraw as Counsel.

**I.    BACKGROUND**

This matter was removed to the United States District Court for the Northern District of California on December 10, 2024. Dkt. No. 1. On March 26, 2025, Counsel Blake filed a Notice of Appearance on behalf of Defendant Sands. Dkt. No. 24. On the same date, Counsel Blake also filed Sands' Answer and Claim to Funds. Dkt. No. 25. On May 30, 2025, the Court granted the Parties' Joint Motion and Stipulation to Distribute Interpleaded Funds and to Dismiss Action as modified by the Court ("Joint Motion"). Dkt. No. 39.

On June 10, 2025, Counsel for Sands filed two Motions to Withdraw as Counsel of Record. Dkt. Nos. 40, 41. Both motions were accompanied by a Proof of Service dated May 29, 2025, declaring that all Parties, including Defendant Sands, had been notified of the motions by

1  mail. Dkt. No. 40 at 3–5; Dkt. No. 41 at 3–5. Counsel for Sands also submitted Sands' contact
2  information, Dkt. No. 40 at 2; Dkt. No. 41 at 2, as well as supporting declarations stating that
3  Sands had indicated his intent to handle the matter *pro se* going forward and that Counsel for
4  Sands had advised Sands to consider retaining new legal representation if he determines in the
5  future that he needs assistance, Dkt. No. 40-1 at 2; Dkt. No. 41-1 at 2. On June 11, 2025,
6  Defendant United States filed its Response (Non-Opposition) to Motion to Withdraw, stating that
7  it does not object to Counsel for Sands' withdrawal. Dkt. No. 42. Because the motions are
8  substantially identical, this Order resolves both motions simultaneously.

## II. LEGAL STANDARD

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). The decision to permit counsel to withdraw is within the sound discretion of the trial court, *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009), and is governed by the State Bar of California's standards of professional conduct, *In re Pers. Web Techs., LLC et al., Pat. Litig.*, No. 18-MD-02834, 2022 WL 2290592, at *3 (N.D. Cal. June 24, 2022) (citation omitted). Accordingly, an attorney is required to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel" before withdrawing. Cal. R. Prof. Conduct 1.16(d).

Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *In re Pers. Web Techs.*, 2022 WL 2290592, at *3.

## III. DISCUSSION

The Court concludes that Counsel for Sands have provided sufficient reasons to justify withdrawal. Under Rule 1.16(a)(4) of California's standards of professional conduct, a lawyer "shall withdraw from the representation of a client if . . . the client discharges the lawyer." As the

basis for the Motion, Counsel for Sands attached as Exhibit A an email from Sands in which he states: "Given the latest status [of the case], I've decided to not continue with legal representation." Dkt. No. 40-1 at 4; Dkt. No. 41-1 at 4. In light of that notice from their client, Counsel for Sands states that "[w]ithdrawal is appropriate at this time as the client . . . has expressed his desire to represent himself moving forward," such that "[c]ontinued representation is no longer feasible and would not serve the interests of the client or the administration of justice." Dkt. No. 40 at 1–2; Dkt. No. 41 at 1–2.

Based on this evidence, the Court finds that withdrawal is appropriate. Moreover, all Parties were served with copies of the Motion in a timely manner, *see* Dkt. No. 40 at 3–5; Dkt. No. 41 at 3–5, and the only other Party to file a response to the Motion expressly stated that it did not object to withdrawal, Dkt. No. 42. Therefore, the Court finds there is little possible prejudice, if any, to other litigants in granting the Motion. Finally, withdrawal is unlikely to cause harm to the administration of justice or to delay resolution of the case, because the Court has already granted the Joint Motion and Stipulation to Distribute Interpleaded Funds and to Dismiss Action and will dismiss the lawsuit once notice is given that the funds at issue have been distributed. *See* Dkt. No. 39 at 4. In short, all factors weigh in favor of granting Counsel for Sands' Motion.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Counsel for Sands' Motion to Withdraw as Counsel of Record is GRANTED. Counsel for Sands SHALL provide a copy of this Order to Sands.

**IT IS SO ORDERED.**

Dated: July 8, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3